UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-223-H

HEIDI GALLO, Administratrix of the Estate of
JAMES HATCHER, ET AL.                                                    PLAINTIFFS

V.

LOUISVILLE METRO GOVERNMENT, ET AL.                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This action originally included federal and state claims. Plaintiffs voluntarily dismissed all federal claims and subsequently moved to remand the case to state court.

The facts of the underlying case are not particularly pivotal to the current motion. The case revolves around the circumstances of James Hatcher's death while in the custody of Louisville Metro Corrections Department (the "Corrections Department"). Among other things, Plaintiffs claims that Mr. Hatcher was denied necessary medical attention and treatment. Plaintiffs originally filed suit in state court against Correctional Medical Services, Inc.; Lorie Hatcher; Jennifer Reese; Louisville Metro Government; Tom Campbell, individually and in his official capacity; Wayne Mumford; Edward Dugan; William McFarland; Royce Standard; Chad Puente; and Ron Anthony.

Defendants removed to this Court based on federal question jurisdiction. After a considerable time, Plaintiffs eventually dismissed all federal claims and dismissed Defendants William McFarland and Louisville Metro Government. Plaintiffs have now moved to remand the case because only state law claims remain. Defendants, Tom Campbell, Chad Puente, Wayne Mumford, Edward Dugan, Royce Standard and Ron Anthony, have filed motions for

partial summary judgment seeking to dismiss all claims against them. The motions are fully briefed and submitted. These same Defendants oppose remand, or in the alternative, ask that remand occur after the motions for partial summary judgment have been decided.

A district court has broad discretion to decide whether to exercise its supplemental jurisdiction. *Gamel v. City of Cincinnati,* 625 F.3d 949, 951 (6th Cir. 2010). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). The Court recognizes several factors weigh in favor of denying remand, such as the fact that the present action has been before this Court since 2009, significant discovery has occurred, and motions for partial summary judgment have been submitted for consideration. In addition, the Court has also considered that Plaintiffs likely dismissed their federal claims in order to seek remand. *Cohill,* 484 U.S. at 357 (discussing how a plaintiff's manipulation to secure remand should be considered by the district court when deciding whether to exercise its supplemental jurisdiction).

However, the Court is mindful of the Supreme Court's instruction that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966). This Court has not been extensively involved in the case to date, the pending motions are not dispositive of the case as a whole, and the parties could resubmit the summary judgment motions in state court without significant duplication of effort. *See Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 211 (6th Cir. 2004) (finding it significant that the court had already "made several substantive rulings" and "invested significant time in the litigation" in deciding whether to exercise supplemental jurisdiction). In

2

fact, the instant action is still fairly early in its course, and significant court involvement is expected between now and the final resolution of all claims. Furthermore, the pending motions possibly raise a novel issue of state law concerning the liability of the Director of the Corrections Department under KRS 71.040 when sued in his official capacity. *See* 28 U.S.C. §1367 (c)(1) (a "district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim raises a novel or complex issue of State law").

For the reasons stated, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and the remaining claims are REMANDED to Jefferson Circuit Court.

cc:     Counsel of Record